IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>AARON CHRISTOPHER LINDSEY,<br><br>        Defendant. | No. 4:22-cr-138<br><br><br>MOTION TO DISMISS COUNT 3 OF INDICTMENT AND RELATED NOTICE OF FORFEITURE UNDER *BRUEN* |

      COMES NOW the defendant, AARON CHRISTOPHER LINDSEY, through counsel, and submits this motion to dismiss Count 3 of the indictment, and the related notice of forfeiture.

      On June 23, 2022, the Supreme Court issued its opinion in *New York State Rifle & Pistol Association v. Bruen*, No. 20-843, ___ U.S. ___, 142 S. Ct. 2111, 2022 WL 2251305 (June 23, 2022). *Bruen* significantly limited the test for whether a prohibition against possessing firearms was consistent with the Second Amendment's dictate that the right to keep and bear arms "shall not be infringed." The *Bruen* Court held that the government has a burden to justify prohibitions against firearms possession "by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 11.

      Here, Mr. Lindsey has been charged with illegally possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) in Count 3 of the indictment. Defendant asserts both a facial and as-applied challenge to the charge against him under the Second Amendment. The government will be unable to demonstrate that the prohibition against possession of a firearm by Mr. Lindsey, on its face or as-applied, is consistent with history. In short, there is no "historical analogue" to firearms prohibitions for felons. While laws existed at the time of the country's founding that barred criminals from participating in other civic aspects of life (like voting),

historical reviews show that no laws limited possession of firearms by "criminals" at the time of the country's founding.

Because there is no "historical analogue" for § 922(g)(1), on its face, or as applied here, the prohibition against Mr. Lindsey possessing a firearm in § 922(g)(1) violates his Second Amendment right, and the Court should dismiss Count 3 of the indictment, and related notice of forfeiture.

Respectfully Submitted,

 /s/ Melanie S. Keiper
Melanie S. Keiper, Asst. Federal Defender
FEDERAL PUBLIC DEFENDER'S OFFICE
400 Locust Street, Suite 340
Des Moines, Iowa 50309-2353
PHONE: (515) 309-9610
FAX: (515) 309-9625
E-MAIL: melanie_keiper@fd.org
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2023, I electronically filed this document with the Clerk of Court using the ECF system, which will serve it on the appropriate parties.

 /s/ Melanie S. Keiper